# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-3151

_____

United States of America,      *
     *
       Plaintiff – Appellee,      *
     *   Appeal from the United States
    v.      *   District Court for the
     *   Eastern District of Arkansas.
James Edward Gray,      *
     *   [UNPUBLISHED]
       Defendant – Appellant.      *

_____

Submitted: April 17, 2008
Filed: May 1, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD Circuit Judges.

_____

PER CURIAM.

Appellant James Edward Gray pled guilty to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and brandishing a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to 100 months on the drug manufacturing charge and to 84 months on the firearms charge, to be served consecutively. On appeal Gray argues that the district court[1] erred in calculating the quantity of drugs involved in his offense. We review a district court's application of the sentencing guidelines de novo and its factual findings

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

including drug quantity for clear error.  United States v. Pruneda, 518 F.3d 597, 607 (8th Cir. 2008).  We will reverse its findings of drug quantity "only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Coleman, 148 F.3d 897, 901 (8th Cir. 1998) (citation omitted).

We have consistently upheld the district court's authority to make factual findings beyond the drug quantity alleged in an indictment.  See United States v. Hilliard, 490 F.3d 635, 641 (8th Cir. 2007) ("It is well settled that 'judicial findings of drug quantity for sentencing purposes do not violate the Sixth Amendment when made under an advisory [Sentencing] Guidelines regime.'"), quoting United States v. Davis, 457 F.3d 817, 825 (8th Cir. 2006); United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006).  In his signed confession Gray estimated that he cooked between 1/8 oz. and 1/4 oz. of methamphetamine every two weeks for 18 months.  The district court found that the drug quantity was approximately 126 grams, the lowest possible amount based on the defendant's confession.  At the sentencing hearing the agent who took Gray's statement testified about what the defendant had told him about his drug manufacturing and about the circumstances under which the confession was obtained.  Based on the evidence before the district court we conclude that its drug quantity calculation is supported by the record and is not clearly erroneous.

Accordingly, we affirm the judgment of the district court.

_____